1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  LARA GOGGIA,

11          Plaintiff,
                                    NO. CIV. S-12-3091 LKK/KJN
12      v.

13  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION aka FANNIE MAE                O R D E R
14  and DOES 1 through 50,
    inclusive,
15
            Defendants.
16  _____/

17      Plaintiff Lara Goggia sues defendant Federal National Mortgage

18  Association aka Fannie Mae, alleging wrongful foreclosure on her

19  home loan. On October 19, 2012, plaintiff commenced an action in

20  Placer County Superior Court. On December 26, 2012, defendant

21  removed the action to federal court on the basis of diversity

22  jurisdiction. (ECF No. 1.) On January 23, 2013, plaintiff filed her

23  First Amended Complaint ("FAC", ECF No. 9.) Defendant moves to

24  dismiss the FAC under Fed. R. Civ. P. 12(b)(6) and to strike

25  references to punitive damages in the FAC under Fed. R. Civ.

26

                                1

P. 12(f).[1]

The motions came on for hearing on March 25, 2013. Having considered the matter, for the reasons set forth below, the court will stay this matter pending the outcome of a duplicative action in the California Court of Appeals.

**I. BACKGROUND**

On October 2, 2007, a Deed of Trust issued, securing a $327,000 loan to plaintiff against her home, located at 408 L Street in Lincoln, California. (FAC ¶ 1, Ex. 1.) The Deed of Trust names MortgageIt, Inc. as the lender, Advantage Title, Inc. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (Id.)

On September 16, 2009, a Notice of Default and Election to Sell under Deed of Trust was recorded against the subject property. (FAC ¶ 19, Ex. 2.) The Notice lists Cal-Western Reconveyance Corporation as the trustee. (Id.) Plaintiff alleges that the Notice names Citimortgage, Inc. as the beneficiary (FAC ¶ 19), but the copy of the Notice attached to the FAC does not appear to support this allegation. Rather, it identifies MERS as the beneficiary under the Deed of Trust, and identifies Citimortgage only as the party to contact "[t]o find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason[.]" Accordingly, the court will disregard plaintiff's allegation that Citimortgage was the

---

[1] Hereinafter, the term "Rule" refers to the applicable Federal Rule of Civil Procedure.

1  beneficiary, and instead treat MERS as the beneficiary at the time

2  the Notice of Default issued.

3      On March 1, 2010, a Substitution of Trustee was recorded,

4  substituting Cal-Western Reconveyance Corporation for Advantage

5  Title, Inc. as trustee under the Deed of Trust. (FAC ¶ 20, Ex. 3.)

6  The signature on this instrument is dated September 4, 2009, and

7  was notarially acknowledged on February 24, 2010. (Id.) Plaintiff

8  alleges that this Substitution of Trustee is void because it was

9  fraudulently back-dated, pointing to a small notice on the bottom

10 of the document which reads "Rev. 02/06/10"; plaintiff takes this

11 notice to mean that the document in question was prepared on

12 February 6, 2010, after the document was purportedly signed. (FAC

13 ¶ 23.) The court will accept plaintiff's allegation as true for the

14 purposes of the instant motion to dismiss and motion to strike.

15 Nevertheless, one point bears mention: the fact that the date of

16 a notary's acknowledgment of a signature follows the date of that

17 signature does not indicate fraud. In repeatedly raising this

18 allegation, plaintiff demonstrates his failure to understand the

19 difference between a notarial jurat and a notarial acknowledgment.

20 A notarial jurat indicates that a document was signed in the

21 notary's presence. Under California law, the jurat evidences "the

22 fact that an affidavit was properly made before a duly authorized

23 officer[, such as a notary.] Unlike acknowledgments . . . jurats

24 are generally not competent to prove the identity of the affiant."

25 Allstate Savings & Loan Assoc. v. Lotito, 116 Cal. App. 3d 998,

26 1005 (1981).

1    By contrast, an acknowledgment is "the act of a person who has

2    executed an instrument declaring before a competent court or

3    officer that the execution is his or her act or deed." Jeffrey A.

4    Schafer, 1 Cal. Jur. 3d Acknowledgments § 1 (2013). "The

5    acknowledgment of an instrument is merely evidentiary in character.

6    Its object is to entitle the instrument to be recorded and to

7    permit its introduction into evidence." Id. at § 2. "Under

8    California law, a notarial acknowledgment certifies only the

9    *identity* of the signer." U.S. v. Jaramillo, 69 F.3d 388, 392 (9th

10   Cir. 1995) (citing Cal. Civ. Code. § 1185(a)) (emphasis in

11   original). The form of a certificate of acknowledgment is

12   prescribed by Cal. Civ. Code. § 1189(a)(1).

13   Accordingly, the court will disregard plaintiffs' allegations

14   that acknowledgments which conform to the requirements of Cal. Civ.

15   Code. § 1189(a)(1) are fraudulent solely because they are dated

16   after the accompanying signatures.

17   On March 1, 2010, an Assignment of Deed of Trust was recorded

18   which assigned MERS's beneficial interest in the Deed of Trust to

19   Citimortgage, Inc. ("Assignment to Citimortgage"). (FAC ¶ 24, Ex.

20   4.) The signature on this instrument is dated September 7, 2009,

21   and was notarially acknowledged on February 24, 2010. (Id.)

22   Plaintiff alleges that this instrument is void because it was

23   fraudulently back-dated. In support of this allegation, plaintiff

24   points out a small notice on the bottom of the document which reads

25   "Rev. 02/06/10"; plaintiff takes this notice to mean that the

26   document in question was prepared on February 6, 2010, after the

1   document was purportedly signed. (FAC ¶ 23.)

2       On July 29, 2010, an Assignment of Deed of Trust was recorded
3   which assigned Citimortgage, Inc.'s beneficial interest in the Deed
4   of Trust to defendant Fannie Mae ("Assignment to Fannie Mae"). (FAC
5   ¶ 31, Ex. 5.) The signature on this instrument is dated July 4,
6   2010, and was notarially acknowledged on July 21, 2010. (Id.)
7   Plaintiff alleges on information and belief that the instrument is
8   void because the relevant office would have been closed for the
9   July 4 holiday. (FAC ¶ 33.)

10      Plaintiff also alleges that the Assignment to Fannie Mae, as
11  well as the following documents, are void because the Substitution
12  of Trustee and the Assignment to Citimortgage were void (FAC ¶ 32):
13  Trustee's Deed upon Sale, recorded July 29, 2010 (FAC ¶ 34, Ex. 6);
14  Rescission of Trustee's Deed upon Sale, recorded March 24, 2011
15  (FAC ¶ 36, Ex. 7); Assignment of Deed of Trust, recorded March 24,
16  2011 (FAC ¶ 37, Ex. 8); Trustee's Deed Upon Sale, recorded April
17  6, 2012 (FAC ¶ 38, Ex. 9); and Grant Deed, recorded May 1, 2012
18  (FAC ¶ 40, Ex. 10).

19      The FAC asserts causes of action (i) to void the various
20  instruments which led to the foreclosure sale of her home, (ii) for
21  slander of title, and (iii) for violations of Cal. Bus. & Prof.
22  Code § 17200.

23  **II. STANDARD ON MOTION TO DISMISS UNDER RULE 12(b)(6)**

24      A  dismissal  motion  under  Rule  12(b)(6)  challenges  a
25  complaint's compliance with federal pleading requirements. Under
26  Rule 8(a)(2), a pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, this court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).[2]

"While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Iqbal and Twombly therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 664.

"Plausibility," as it is used in Twombly and Iqbal, does not

_____

[2] Citing Twombly, 556 U.S. at 555-56, Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("[w]hat Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations"), and Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test" under Rule 12(b)(6)).

refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 663. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).[3] A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

////

////

////

_____

[3] <u>Twombly</u> imposed an apparently-new "plausibility" gloss on the previously well-known Rule 8(a) standard, and retired the long-established "no set of facts" standard of <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), although it did not overrule that case outright. <u>See</u> <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 968 (9th Cir. 2009) (the <u>Twombly</u> Court "cautioned that it was not outright overruling <u>Conley</u> ...," although it was retiring the "no set of facts" language from <u>Conley</u>). The Ninth Circuit has acknowledged the difficulty of applying the resulting standard, given the "perplexing" mix of standards the Supreme Court has applied in recent cases. <u>See</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1215 (9th Cir. 2011) (comparing the Court's application of the "original, more lenient version of Rule 8(a)" in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002) and <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007) (per curiam), with the seemingly "higher pleading standard" in <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336 (2005), <u>Twombly</u> and <u>Iqbal</u>), <u>rehearing en banc denied</u>, 659 F.3d 850 (October 5, 2011). <u>See also</u> <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (applying the "no set of facts" standard to a Section 1983 case).

**III. ANALYSIS**

    **A. Request for Judicial Notice**

    Defendant requests that judicial notice be taken of two documents recorded in the Placer County Recorder's Office: (1) Notice of Trustee's Sale, recorded on March 18, 2010 (Request for Judicial Notice ("RJN") Ex. A, ECF No. 12-1), and (2) Notice of Trustee's Sale, recorded on January 11, 2012 (RJN Ex. B). Defendant also requests that judicial notice be taken of the following documents filed in Goggia v. MortgageIt, Corp., et al., Placer County Superior Court case no. SCV0030873 (the "State Court Action"): (1) complaint (RJN Ex. C); (2) demurrer to complaint (RJN Ex. D); (3) first amended complaint (RJN Ex. E); (4) demurrer to first amended complaint (RJN Ex. F); (5) judgment (RJN Ex. G); and (6) order on demurrer (RJN Ex. H).

    "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations and citation omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may "take judicial notice of court filings and other matters of public record[, as they] are readily verifiable and, therefore,

1  the proper subject of judicial notice." <u>Reyn's Pasta Bella, LLC v.</u>

2  <u>Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (internal

3  citation omitted).

4      Accordingly, the court will take judicial notice of these

5  eight documents.

6      **B. Are plaintiff's claims precluded by the doctrine of res**

7         **judicata?**

8      Defendant argues that plaintiff's claims are precluded by the

9  doctrine of res judicata. (Mot. Dismiss 4-5.)

10     On April 2, 2012, plaintiff initiated the State Court Action,

11 alleging unlawful conduct by MortgageIt, Inc., MERS, Citimortgage,

12 and Cal-Western Reconveyance in the financing of her home loan, and

13 the subsequent foreclosure on that loan. (RJN Ex. C.) On June 25,

14 2012, plaintiff filed a First Amended Complaint that, *inter alia*,

15 dropped MERS as a defendant. (RJN Ex. E.) On September 24, 2012,

16 the Superior Court sustained Citimortgage's demurrer to plaintiff's

17 complaint, and dismissed the action with prejudice with respect to

18 Citimortgage.[4] (RJN Ex. H.) Plaintiff appealed. (FAC ¶ 43.)

19     Defendant argues that, although it was not named as a

20 defendant in the State Court Action, plaintiff's "attempt to

21 relitigate the same issues and claims based on the same allegedly

22 wrongful foreclosure that could have and should have been brought

23 in the Placer lawsuit is barred by the doctrine of res judicata."

24 (Defendant's Points & Authorities in Support of Motion to Dismiss

25 _____

26     [4] It is unclear from the record presented whether the action
    as a whole was dismissed.

9

1   ("Mot. Dismiss") 5:18-20, ECF No. 12.)

2       "Judicial actions must achieve a basic minimum quality to

3   become eligible for res judicata effects . . . . The traditional

4   words used to describe this quality require that there be a

5   judgment that is valid, final, and on the merits." 18A Charles Alan

6   Wright & Arthur Miller, <u>Federal Practice and Procedure</u> § 4427 (2d

7   ed. 2012). Federal courts apply state law to determine the

8   preclusive effects of state court judgements. <u>Marrese v. American

9   Acad. of Ortho. Surgeons</u>, 470 U.S. 373, 380 (1985) (citing 28

10  U.S.C. § 1738). Under California law, a judgment is not final for

11  purposes of res judicata during the pendency of and until the

12  resolution of an appeal. <u>Agarwal v. Johnson</u>, 25 Cal. 3d 932, 954

13  n.11 (1979), <u>overruled on other grounds by</u> <u>White v. Ultramar, Inc.</u>,

14  21 Cal. 4th 563 (1999). <u>See</u> <u>also</u> Cal. Code. Civ. Proc. § 1049 ("An

15  action is deemed to be pending from the time of its commencement

16  until its final determination upon appeal, or until the time for

17  appeal has passed, unless the judgment is sooner satisfied").

18       Plaintiff alleges, and the parties confirmed at hearing, that

19  the judgment in the State Court Action is currently on appeal to

20  the California Court of Appeals, Third Appellate District. (FAC

21  ¶ 43.) As it is on appeal, and therefore not final, this judgment

22  cannot be res judicata of the instant proceeding.

23       **C. Is this action barred as duplicative of the state court**

24       **action?**

25       Although not subject to res judicata, this proceeding is

26  ////

arguably subject to the doctrine against duplicative actions.[5]

"[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [is] the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." <u>The Haytian Republic</u>, 154 U.S. 118, 124 (1894). As summarized by the Ninth Circuit, "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." <u>Adams v. Cal. Dept. of Health Services</u>, 487 F.3d 684, 689 (9th Cir. 2007).

   **1. Are the causes of action and relief sought the same?**

The Ninth Circuit has prescribed the following test to determine whether the causes of action and relief sought in two lawsuits are the same:

> Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together. In applying the transaction test, we examine four criteria: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;

---

[5] That said, the rule against claim splitting is generally considered to be an aspect of res judicata. <u>See</u>, <u>e.g.</u>, <u>Stone v. Dep't of Aviation</u>, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions"); <u>Haphey v. Linn Cnty.</u>, 924 F.2d 1512, 1517 (9th Cir. 1991) ("[T]he doctrines against splitting a cause of action and claim preclusion do not appear to be distinct, but rather two sides of the same coin."). However, as there has been no final judgment in the state court, the full faith and credit statute, 28 U.S.C. § 1738, appears not to apply. Accordingly, the court will apply federal law, rather than state law, to determine whether this action is duplicative of the State Court Action.

1    (2) whether substantially the same evidence is presented
2    in the two actions; (3) whether the two suits involve
     infringement of the same right; and (4) whether the two
     suits arise out of the same transactional nucleus of
3    facts. The last of these criteria is the most important.

4    Id. (internal quotations omitted).

5        To apply this test, we must first determine the relief sought

6    in the two actions. Though the operative complaint therein is

7    somewhat difficult to decipher, the State Court Action appears to

8    seek: (1) to void the foreclosure and sale of plaintiff's home on

9    the grounds that the securitization of the home loan was unlawful;

10   (2) to rescind plaintiff's home loan on the grounds that there was

11   mistake in the formation of the financing contract; (3) to obtain

12   a loan modification on promissory estoppel grounds; and (4) to

13   quiet title to the property and place title in plaintiff's name.

14   (RJN Ex. E.)

15       The instant action seeks to void the foreclosure and sale of

16   plaintiff's home on the grounds that some or all of the

17   foreclosure-related instruments were fraudulent. In both actions,

18   plaintiff seeks damages for the harms she has suffered.

19       The first factor, "whether rights or interests established in

20   the prior judgment would be destroyed or impaired by prosecution

21   of the second action," is a bit inapt, since, as discussed above,

22   there is no final judgment in the State Court Action. Nevertheless,

23   the test would be satisfied if the State Court Action judgment were

24   upheld on appeal (thereby quieting title in Fannie Mae), but in the

25   present action, the court found the foreclosure proceedings to be

26   fraudulent, and ordered some or all of the underlying transactions

1  unwound.

2       The second factor, "whether substantially the same evidence
3  is presented in the two actions," is satisfied. The State Court
4  Action complaint includes as exhibits the Deed of Trust, and two
5  allegedly-fraudulent Assignments of Deed of Trust; all three of
6  these documents are included as exhibits to the instant complaint.

7       The third factor, "whether the two suits involve infringement
8  of the same right," is also satisfied. The right to have lawful
9  procedures observed in a home foreclosure proceeding in implicated
10 in both cases.

11      The fourth and most important factor, "whether the two suits
12 arise out of the same transactional nucleus of facts," is also
13 satisfied. The claims asserted in each case arise from allegedly-
14 fraudulent instruments; these instruments assign interests created
15 by the Deed of Trust securing plaintiff's original home loan.

16      The relief sought in this case is essentially a subset of the
17 relief sought in the State Court Action. While the State Court
18 Action asserts additional causes of action stemming from the
19 financing, securitization, and failed modification of the home
20 loan, both cases allege unlawful conduct in the foreclosure and
21 sale of the home.

22      Accordingly, it appears that, under the test prescribed by the
23 Ninth Circuit in Adams, 487 F.3d at 689, the causes of action and
24 the relief sought in the two cases are the same.

25 ////

26 ////

1     **2. Are the parties to the actions, or their privies, the**
2     **same?**

3     The State Court Action names MortgageIt, Inc., Citimortgage,
4  and Cal-Western Reconveyance as defendants. The instant action is
5  directed at Fannie Mae. The question, then, is whether Fannie Mae
6  is in privity with any of the State Court Action defendants.

7     Adams, 487 F.3d at 691, embraced a broad conception of privity
8  under the doctrine of virtual representation: "The necessary
9  elements of virtual representation are an identity of interests and
10 adequate representation. Additional features of a virtual
11 representation relationship include a close relationship,
12 substantial participation, and tactical maneuvering." Id. (internal
13 citations and quotations omitted). The Supreme Court has since
14 rejected the use of "virtual representation" as a basis for finding
15 privity in the preclusion context. Taylor v. Sturgell, 553 U.S.
16 880, 904 (2008) (holding that there is no "virtual representation"
17 exception to the general rule against nonparty claim preclusion).
18 In its place, Taylor identifies six well-established exceptions to
19 the traditional rule against preclusion of a nonparty:

20    1.   If the nonparty "agrees to be bound by the determination
21         of issues in an action between others." Id. at 893.
22    2.   If there are pre-existing "substantive legal
23         relationships" between the nonparty and the party to the
24         other action, including "preceding and succeeding owners
25         of property . . . and assignee and assignor." Id. at
26         894.

3.   If the nonparty is adequately represented in the other action by a party with the same interests, such as in a class action or a suit by a trustee or other fiduciary. _Id._ at 894-5.

4.   If the nonparty assumes control over the other litigation. _Id._ at 895.

5.   If the nonparty is acting as a proxy for a party in the other case, which is attempting to relitigate matters through the proxy. _Id._

6.   If a special statutory scheme, such as bankruptcy, "expressly foreclos[es] successive litigation by [nonparties] . . . ." _Id._

Fannie Mae appears to fall into the second category. "Successive property relationships provide some of the oldest and best established rules for extending preclusion to nonparties . . . Ordinarily a judgment is binding on a nonparty who took by transfer from a party after judgment or while suit was pending." 18A Charles Alan Wright & Arthur R. Miller, _Federal Practice & Procedure_ § 4462 (2d ed. 2012) ("Successive Property Relationships"). The State Court Action was filed on April 2, 2012. (RJN Ex. C.) Fannie Mae took possession of the disputed property under a Grant Deed dated April 4, 2012 and recorded May 1, 2012. (FAC Ex. 10.) Fannie Mae is also named as an assignee in several other instruments recorded against the property. While the present action alleges that many of these instruments are fraudulent, these allegations simply reinforce the need to avoid an inconsistent determination of their

15

1  authenticity in the State Court Action.

2      Fannie Mae appears to be in privity with Citimortgage, a

3  defendant in the State Court Action. Accordingly, under the test

4  outlined in <u>Adams</u>, 487 F.3d at 684, the court finds that the

5  present case is duplicative of the State Court Action.

6          **3. What remedy should the court prescribe?**

7      If a district court determines that a later-filed action is

8  duplicative of an earlier action, it "may exercise its discretion

9  to dismiss [the] later-filed action, to stay that action pending

10 resolution of the previously filed action, to enjoin the parties

11 from proceeding with it, or to consolidate both actions." <u>Id.</u> After

12 discussing the matter with the parties at hearing, the court has

13 determined that the appropriate course of action is to stay this

14 matter pending the final outcome of the State Court Action.

15 **IV. CONCLUSION**

16     For the reasons set forth above, the court orders as follows:

17     [1] This action is STAYED pending a final resolution of

18     <u>Goggia v. MortgageIt, Corp., et al.</u>, Placer County Superior

19     Court case no. SCV0030873. Having stayed the action, the

20     court will not at this time address the remaining issues

21     raised in defendant's motion to dismiss and motion to strike.

22     [2] The parties are DIRECTED to notify the court within ten

23     (10) days of the conclusion of the state court proceedings.

24     [3] The clerk's office is to ADMINISTRATIVELY CLOSE this

25     action at this time.

26 ////

1    IT IS SO ORDERED.

2    DATED:  March 26, 2013.

3

4

5

6                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
7                              UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26